Shauck, C. J.
That the judgment whose reversal is sought in this, proceeding is in' accordance with that pronounced by this court in *81 Tyler’s Executors v. Winslow, 15 Ohio St., 364, is entirely clear. In that case two propositions were established: That although a judgment of a court of this state is a good ground of action, its rendition is not the accruing of a cause of action within the meaning of the act of February 18, 1831; and that, therefore, said act of limitation does not apply to an action founded upon a judgment of a court of. this state. By that decision the question involved was put to a rest which appears to have remained undisturbed until the announcement of Doyle v. West, 60 Ohio St., 438. The able counsel who presented the latter case to this court did not understand that they were disturbing the general repose of that question, nor did they in any wise challenge the soundness of the former decision. The case which they presented was broadly distinguished by the fact that it was an action not founded upon a judgment.- It was an action to recover the portion of a debt which remained unpaid after the foreclosure of a mortgage by which it was secured and after the application of the proceeds of the sale of the mortgaged premises. In the suit to foreclose no personal judgment had been sought in the petition, nor was ány rendéred, nor was there even an award of execution for the satisfaction of any balance which might remain unpaid after applying the proceeds of sale. The action was, therefore, for the recovery of a balance of the amount which the court had found to be the indebtedness secured by the mortgage, the finding having been made as the predicate of the decree of foreclosure to subject the mortgaged property, and not affording to the creditor any executory remedy against the general property of the debtor. That finding, *82 though lacking essential characteristics of a judgment, was held to,be a debt evidenced by record and a proper foundation for an action, but subject to a limitation of ten years or fifteen years, the case not requiring a more precise conclusion upon that question. Our judgment in the case was placed upon the nature of the finding and its deficiencies in the characteristics of a judgment. This clearly appears from the syllabus, whose function in these reports is well known.
It is true that in the course of the opinion in the later case some doubts were expressed as to the correctness of the conclusion reached in Tyler’s Executors v. Winslow, but they do not appear to have been shared by the concurring members of the court, nor did they enter into the decision. It is also true that in that opinion encouragement is given to the proposition urged by counsel for the plaintiff in error in the present case: that differences between the present statute limiting'actions and that considered in Tyler’s Executors v. Winslow are material to the question before us. No difference of that character appears. The statutes afford equal foundation for the proposition there affirmed and distinctly stated that the rendition of a judgment is not the accrual of a cause of action. That proposition being accepted, the ultimate conclusion reached by this court in that case and by the courts below in the present case is inevitable. We perceive no such defect in the reasoning by which that proposition was supported as would justify us in disturbing a conclusion in which the legislature has acquiesced for more than forty years. At most, adherence to that conclusion imputes to the legislature only the intention that an action to recover *83 upon a judgment may be brought at any time within twenty-one years, which is the limitation expressly imposed by Section 5368 of the Revised Statutes upon an action to revive a judgment.

Judgment affirmed.

Price, Crew, Summers, Spear and Davis, JJ., concur.